# Decisions of the Supreme Court of Missouri.

## FAYETTE DISTRICT, OCTOBER TERM, 1830.

### HAYS v. WALLER.

1. In a civil action for a malicious prosecution, the defendant may give evidence of what he swore on the trial of the indictment. (Note *a*.)
2. Testimony, showing that a witness swore differently on a former occasion, is admissible. (Note *b*.)

APPEAL from the Circuit Court of Jackson county.

M'GIRK, C. J., delivered the opinion of the Court.

This was an action brought by Hays against Waller for a malicious prosecution : not guilty was pleaded, and issue thereon. The first error complained of is, that the Court permitted the defendant to give evidence as to what he swore before the Justice who took the original examination ; and secondly, the Court erred in permitting testimony to go to the jury, to show that Polly Medlock, a witness for the plaintiff, had sworn differently before the Justice on the original examination.

It is contended on the part of the appellant, that the law will not allow the prosecutor, when defendant in a civil action for a malicious prosecution, to prove what he swore on the trial of the indictment, unless the offence was committed when no one was present but the prosecutor, and that, therefore, the rule of necessity alone must govern the case, and that in this case it is apparent on the record, that Polly Medlock was present when the supposed offence was committed, as well as the prosecutor.

If the rule above given be the true rule, yet the Court did not err in admitting the prosecutor's testimony, for it appears by the record, that after the hog was killed, cleaned and hung up, she did not see it any more, and that when hung up, it had the ears on ; then the prosecutor swore that when the hog was hung up, the ears were ·

on, and that he then went away for a.short time, and when he returned'the ears were cut off, so that it is apparent that none could swear to the fact of the ears being cut off but the prosecutor.

(223)   Admitting the rule to be correct, as contended for by. the appellant, the Court did not err on this point.   It is laid down in many books, that if no one was by when the offence was committed, the defendant in the civil action may give evi-· dence of probable cause, and that acquits him at once ;. and that to·do this, he may prove what he swore on the trial of the indictment.   (See *Bul. N. P.* 14, *Peake's Evi.,* top page 350.)   On this objection there is. no error.

The next objection is,.that testimony. was admitted to show that a witness swore differently on a former occasion :. we see no objection to this.   It surely is law to attack the credit of a witness by showing that he stated or swore·differently on some other occasion: there is no error on this point.

The judgment of the Circuit Court·is affirmed, with. costs.

(*a.*)   See Hickman *v.* Griffin, 6 Mo. R., p. 41.
(*b.*)   See Garrett *v.* The State, 6 Mo..R., p. 1 ;. Abel *v.* Shields,.7 Mo. R., p. 129/.